# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **CRAIVEN L. BENJAMIN** | **CASE NO.  3:24-CV-00993** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TRANSPORT RISK SOLUTIONS RISK RETENTION GROUP INC., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION AND MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are multiple motions, including (1) Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Motion to Stay Pending Arbitration [doc. #21] filed by Defendants KLLM Transport Services, LLC, KLLM Driving Academy, Inc., and Hinds Community College; (2) Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Motion to Stay Pending Arbitration [doc. #24] filed by Defendant Dentavious L. Brown; (3) Motion for Leave to File Second Amended and Re-Stated Complaint [doc. #38] filed by Plaintiff Craiven Benjamin; and (4) Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #52] filed by Defendant Dentavious L. Brown.  The motions are opposed.  [docs. #32, 50, 57].

For reasons detailed below, **IT IS ORDERED** that the Motion for Leave to File Second Amended and Re-Stated Complaint [doc. #38] filed by Plaintiff Craiven Benjamin is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Stay Pending Arbitration [doc. #21] filed by Defendants KLLM Transport Services, LLC, KLLM Driving Academy, Inc., and Hinds

Community College and the Motion to Stay Pending Arbitration [doc. #24] filed by Defendant Dentavious L. Brown are **DENIED AS MOOT**.

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #21] filed by Defendants KLLM Transport Services, LLC, KLLM Driving Academy, Inc., and Hinds Community College and the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #24] filed by Defendant Dentavious L. Brown be **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER RECOMMENDED** that the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #52] filed by Defendant Dentavious L. Brown be **GRANTED IN PART and DENIED IN PART**.

## Background

Plaintiff Craiven Benjamin ("Benjamin") initiated this action on July 25, 2024, against Transport Risk Solutions Risk Retention Group, Inc. ("Transport"), KLLM Transport Services, LLC ("KLLM Transport"), KLLM Driving Academy, Inc. ("KLLM Driving"), Hinds Community College ("Hinds"), and Dentavious L. Brown ("Brown"). [doc. #1]. She asserted that the Court had subject matter jurisdiction over her action under 28 U.S.C. 1331, federal question jurisdiction, based on her Title VII of the Civil Rights Act of 1964 claims, and supplemental jurisdiction over her remaining claims. *Id.* at p. 2.

Benjamin alleges that on February 21, 2022, she completed the application for KLLM Driving through Hinds' Commercial Truck and Bus Driving program. *Id.* On that same day, Benjamin received an email from Hinds informing her of scholarships available through the partnership between Hinds and KLLM Transport. *Id.* at p. 3. This scholarship opportunity

included a $4,000 scholarship to drive with KLLM Transport for one year for regular pay and incentive bonuses. *Id.* The email also contained a career opportunity including a job with KLLM Transport upon completion of the program, which included comprehensive benefits and 401K eligibility after six months of employments. *Id.*

On March 10, 2022, Benjamin received a Driver Conditional Offer Letter from KLLM Transport that was signed by company representative, Tanner Havard. *Id.* Benjamin applied and acquired the scholarship that was offered through the partnership of Hinds, KLLM Transport, and KLLM Driving. *Id.* On April 28, 2022, Benjamin signed a "Loan Agreement/Employment Contract," which outlined her week-by-week balance owed for the duration of the one-year contract period. *Id.* at p. 4. On May 18, 2022, Benjamin received a Certificate of Completion from KLLM Driving acknowledging that she met the educational requirements and passed the required tests. *Id.* As a result, Benjamin began her tenure as a trainee and as a passenger of the vehicle operated by Brown. *Id.*

Benjamin asserts that Brown (1) held her against her will; (2) threatened her with a gun; (3) verbally berated her; (4) physically harmed her; (5) asked her for penetrative and oral sex; (6) made inappropriate sexual comments; (7) drove recklessly with her in the truck; (8) caused a motor vehicle accident; (9) threatened to report her; (10) accelerated and braked suddenly to cause Benjamin to fall from the top bunk as she was sleeping; (11) did not allow Benjamin to wash her clothes or to shower; and (12) consumed alcohol on the job and drove under the influence. *Id.* at pp. 5-7, 10-11. These actions occurred as Brown and Benjamin drove across the country in the states of Mississippi, Georgia, Illinois, Indiana, Virginia, West Virginia, Tennessee, Texas, Maryland, Arkansas, Oklahoma, North Carolina, South Carolina, Kentucky, Ohio, Alabama, Missouri, and Wisconsin. *Id.* at pp. 5-10. In Wisconsin, Benjamin was able to leave the vehicle

and inform security.  *Id.* at p. 10.  Police were dispatched and assisted Benjamin in retrieving her items from the vehicle.  *Id.*  As a result of the car accident and the fall from the top bunk, Benjamin sustained physical injuries.  *Id.* at pp. 6, 10.

According to Benjamin, KLLM Transport, KLLM Driving, Hinds, and Amanda Pickell ("Pickell") were aware of the situation between Benjamin and Brown, but they failed to protect her. *Id.* at p. 12; [doc. #35]. Benjamin texted Pickell, an employee coordinator, and she was told to remain with Brown.  *Id.*  In Wisconsin, Brown was removed from the KLLM Transport truck and was subsequently terminated.  *Id.* at p. 13.  She was unable to continue her employment because of her physical and mental condition after these events.  *Id.*  Although Benjamin completed the required 240 hours of supervised driver training, *id.* at p. 11, since these events, Benjamin has been unable to hold employment.  *Id.* at p. 13.

On December 8, 2022, James E. Peavy II ("Peavy"), on behalf of KLLM Transport, gave notice to Benjamin that she violated her one-year employment contract and needed to satisfy the Loan Agreement with KLLM Transport.  *Id.*  KLLM Transport has attempted to collect this debt. *Id.*  Benjamin asserts that KLLM Transport, KLLM Driving, and Hinds breached their contract with her and negligently hired, trained, and supervised Brown.  *Id.* at pp. 14, 15.  Benjamin seeks the full amount of tuition paid, plus interest from the date of payment, and all damages available. *Id.* at p. 14.  Benjamin asserts that she has suffered a lifetime of damages, including (1) injuries to her back, shoulder, and neck; (2) Post Traumatic Stress Disorder ("PTSD"); (3) lost wages, past and future; (4) loss of earning capacity; (5) loss of enjoyment of life; (6) mental and physical disability; and (7) punitive damages.  *Id.*

On December 17, 2024, KLLM Transport, KLLM Driving, and Hinds filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Motion to Stay Pending Arbitration.  [doc.

#21].  They argue that the Complaint fails to state a claim against Defendants under Title VII, the sole basis for the invocation of this Court's federal question subject-matter jurisdiction.  *Id.* at p. 1.  They contend that the Title VII claim should be dismissed because Benjamin failed to exhaust her administrative remedies by not filing a complaint with the EEOC.  [doc. #21-1, p. 6].  Further, Benjamin signed a Mutual Arbitration Agreement with KLLM Transport which contained an agreement that she file an arbitration proceeding or make a demand for arbitration before filing suit.  *Id.* at p. 8.  Finally, they ask for all costs and attorney's fees incurred in defending this litigation.  [doc. #21, p. 2].

On December 23, 2024, Brown filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Motion to Stay Pending Arbitration.  [doc. #24].  He argues that the Court should dismiss the Complaint or stay these proceedings for the reasons argued by his Co-Defendants.  [doc. #24-1].  That same day, KLLM Transport, KLLM Driving, and Hinds were permitted to file a Supplemental Memorandum in Support of their motion.  [doc. #26].  Therein, they argue that although the Federal Arbitration Act ("FAA") may not be used to compel the arbitration of disputes involving contracts of employment of transportation workers engaged in interstate commerce, the arbitration agreement stated that common law of the State of Mississippi would apply.  [doc. #27, p. 2].  Under Mississippi law, they argue that arbitration is required.  *Id.* at p. 5.

On March 14, 2025, Benjamin filed an opposition to both motions.  [doc. #32].  Benjamin does not contest the dismissal of the Title VII claims as they relate to KLLM Transport, KLLM Driving, Hinds, and Brown.  *Id.* at p. 1.  However, she maintains the dismissal should be without prejudice to her ability to pursue the myriad of additional claims plead in the Complaint.  *Id.* at p. 2.  Benjamin does oppose staying these proceedings pending arbitration, because she cannot be

compelled to arbitration when she falls within the transportation worker exception under the FAA. *Id.* at pp. 2-3.

Hinds, KLLM Transport, and KLLM Driving filed a reply in support of their motion on March 20, 2025. [doc. #37]. Therein, all Defendants consent to the withdrawal of the request for arbitration without prejudice. *Id.* at p. 2. However, Defendants argue that this dismissal of Benjamin's Title VII claims should be with prejudice, and the dismissal should include Defendant Transport. *Id.* Otherwise, Transport would be forced to file the same motion to dismiss. *Id.*

On March 14, 2025, Benjamin sought leave to file her Amended Complaint [doc. #33], which was granted on March 19, 2025. [doc. #35]. Benjamin sought this leave to add an additional defendant, Pickell. In her Amended Complaint, Benjamin alleges the same facts as the Original Complaint, but she adds allegations against Pickell.[1] Benjamin asserts that jurisdiction is proper under "28 U.S.C. § 1331 Diversity Jurisdiction," making it unclear whether she asserts diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at p. 2. Benjamin is a citizen of Louisiana while Transport is a South Carolina corporation, KLLM Transport is a Texas LLC, KLLM Driving is a Texas corporation, Hinds is a Mississippi institution, Brown is a Louisiana citizen, and Pickell is a "resident of the State of Mississippi." *Id.* at pp. 2-3. When Benjamin began her tenure as a student, she was under the direction of Student Support Representative, Pickell. *Id.* at p. 5. Pickell facilitated and furthered Brown's actions by failing to act. *Id.* at pp. 5, 14. While in the state of Virginia, Benjamin contacted Pickell about the incident

---

[1] An "amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Here, there is no indication that the amended complaint adopted or referenced the earlier pleading.

involving Brown yanking a Diesel Exhaust Fuel pump out of Benjamin's hands. *Id.* at p. 8. Pickell instructed Benjamin to talk with Brown about everything and to try to work it out. *Id.* Pickell never spoke to anyone with KLLM Transport, KLLM Driving, and/or Hinds about removing Benjamin from the truck. *Id.*

On March 24, 2025, Benjamin filed a Motion for Leave to File Second Amended and Restated Complaint. [doc. #38]. She seeks to file a Second Amended Complaint to assert jurisdiction under Title 18 of the United States Code, specifically the "Trafficking Victims Protection Act." *Id.* On April 7, 2025, KLLM Transport, KLLM Driving, Transport, and Hinds filed an opposition to Benjamin's second motion to amend. [doc. #50]. Since Benjamin conceded that there were insufficient facts to establish a claim under Title VII, there is no basis to invoke this Court's jurisdiction. *Id.* at pp. 1-2. According to the Amended Complaint, both Benjamin and Brown are Louisiana residents. *Id.* at p. 2. The Defendants state that the Second Amended Complaint "cannot confer jurisdiction that now does not exist with the prospective dismissal of the Title VII claims," and since it does not meet the threshold for establishing federal jurisdiction, it is futile. *Id.* at pp. 4-5.

On April 9, 2025, Brown filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. [doc. #52]. Brown argues that Benjamin has waived the Title VII claims pled in her initial Complaint, leaving no federal question at issue, and complete diversity of citizenship not existing, so Benjamin's First Amended Complaint "must" be dismissed. *Id.* at p. 1. Brown further requests that all costs and attorney's fees incurred in defending this litigation be assessed against Benjamin. *Id.* at p. 2.

On May 1, 2025, Benjamin filed an opposition to Brown's motion. [doc. #57]. Benjamin's motion to file her proposed second amended complaint specifically addresses and remedies the

"very jurisdictional issue that forms the basis of [Brown]'s present motion." *Id.* at p. 1. Benjamin filed her second motion to amend prior to the filing of this motion to dismiss. *Id.* at p. 2. Since the proposed Second Amended Complaint properly invokes federal question jurisdiction, Brown's motion is substantively moot. *Id.* Further, the Fifth Circuit has consistently held that 28 U.S.C. § 1653 should be liberally construed to permit amendments to cure defective jurisdictional allegations. *Id.* at p. 3. The First Amended Complaint also cures any jurisdictional defects in the original pleading. *Id.* Benjamin's First Amended Complaint relates back to the original filing date. *Id.*

Briefing is complete. Accordingly, the matter is ripe.

## Law & Analysis

### I.    Motion for Leave to File Second Amended Complaint

Under Federal Rule of Civil Procedure 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course . . . 21 days after serving it." FED. R. CIV. P. 15(a)(1)(A). Alternatively, if "the pleading is one to which a responsive pleading is required," a party may amend once as a matter of right within "21 days after service of either a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B).

If the time for a party to amend as a matter of course has expired, then the party may amend with the written consent of the opposing party or with leave of court. The court shall grant a party leave to amend its pleading "freely . . . when justice so requires." FED. R. CIV. P. 15(a)(2). "Whether leave to amend should be granted is entrusted to the sound discretion of the district court . . ." *Quintanilla v. Texas Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998) (quoted source omitted). Yet, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading,

because Fed. R. Civ. P. 15 (a) 'evinces a bias in favor of granting leave to amend.'" *Martin's Herend Imports v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)).  A district court must have a "substantial reason" to deny a request for leave to amend.  *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted).

In deciding whether to grant a party leave to amend, the court considers the following factors: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.  *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Absent any of these factors, leave should be granted. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman*, 371 U.S. at 182).  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."  *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).  Therefore, courts review the proposed amended complaint under "'the same standard of legal sufficiency as applies under Rule 12(b)(6).'"  *Id.* (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility does not equate to possibility or probability; it lies

somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  *Iqbal,* 556 U.S. at 678.  A pleading comprised of "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679 (citation omitted).  A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely.  *Twombly,* 550 U.S. at 556.  Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

All Defendants assert that since Benjamin conceded she does not have a claim that arises from Title VII, this Court lacks jurisdiction.  As a result, they argue her proposed Second Amended Complaint is futile.  Benjamin contends that she should be allowed to file her Second Amended Complaint to assert claims under Title 18 of the United States Code, specifically the Trafficking Victims Protection Act, which would allow the Court to exercise federal question jurisdiction.

In 2000, Congress passed the Trafficking Victims Protecting Act, creating criminal offenses for forced labor and sex trafficking to "combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and

effective punishment of traffickers, and to protect their victims." *David v. Signal Int'l, LLC*, No. CIV.A. 08-1220, 2012 WL 10759668, at *17 (E.D. La. Jan. 4, 2012) (quotation omitted). Three years later, Congress passed the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, adding a civil right of action by victims of trafficking against their traffickers. *See Doe (K.E.C.) v. G6 Hosp., LLC*, 750 F. Supp. 719, 728 (E.D. Tex. 2024). Section 1595 provides trafficking victims with a private right of action to pursue claims against perpetrators of trafficking ("direct liability") or those who knowingly financially benefit from trafficking ("beneficiary liability"). *See E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 426 (N.D. Tex. 2021). Section 1595 states that:

> [a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a).

*(1) Defendant Brown*

Perpetrator liability applies to whoever knowingly "in or affecting interstate or foreign commerce. . . harbors, transports, . . . maintains, . . . or solicits by any means a person . . . [by] means of force, threats of force, fraud, coercion . . . to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1)-(2). For purposes of this section, "commercial sex act" is defined as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). "Anything of value," for purposes of this statute, has been broadly interpreted. *See Reed v. Barnes*, No. 3:24-CV-1500-D, 2025 WL 963072, at *3 (N.D. Tex. Mar. 31, 2025); *see also Ramsbottom v.*

*Ashton*, 2024 WL 4993391, at *4 (M.D. Tenn. Dec. 5, 2024) ("Courts grappling with the definition of 'commercial sex act' generally agree that the term 'anything of value' is defined very broadly.").

Benjamin alleges that Brown threatened her with a gun, made sexually threatening remarks, held her captive in the truck, used his seniority to coerce her to stay in the truck with him, physically harmed her, drank alcohol while driving, and verbally berated her. She also alleges that Brown attempted to solicit sex from her. However, these allegations do not plausibly state a claim for sex trafficking under § 1591. That provision imposes perpetrator liability on those who use force, threats, or coercion to cause a person to engage in a commercial sex act, which is defined as any sex act where anything of value is given or received. 18 U.S.C. § 1591(e)(3). Although courts interpret "anything of value" broadly, the Second Amended Complaint does not allege that Brown received or expected to receive anything of value in connection with any sex act or that Benjamin engaged in any such sex act. *See Reed*, 2025 WL 963072, at *3 ("But it is necessary that there be a casual connection between the sex act and the exchange of the thing of value."). Benjamin's claims that Brown threatened to harm her sexually and solicited sex from her are serious and disturbing, but do not constitute force or coercion to engage in a *commercial sex act*.

The other provisions of the TVPRA include 18 U.S.C. §§ 1581 (peonage), 1589 (forced labor), 1590 (trafficking), and 1592 (document servitude). Peonage under Section 1581 is a form of involuntary servitude. "'Peonage is a status or condition of compulsory service or involuntary servitude based upon a real or alleged indebtedness.'" *Treadway v. Otero*, No. 2:19-CV-244, 2020 WL 7090702, at *4 (S.D. Tex. Sept. 4, 2020) (quoting *Pierce v. United States*, 146 F.2d 84, 86 (5th Cir. 1945)). Here, there are no allegations that Brown compelled Benjamin to work in order to satisfy a debt or obligation or that she was indebted to him in any way. Thus, § 1581 is inapplicable.

Section 1589 prohibits any person from "knowingly provid[ing] or obtain[ing] the labor or services of a person" by means of (1) "force, threats of force, physical restraint, or threats of physical restraint to that person or another person;" (2) "serious harm or threats of serious harm to that person or another person;" (3) "the abuse or threatened abuse of law or legal process;" or (4) "any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint." 18 U.S.C. § 1589(a)(1)-(4). "'[T]he phrase by means of refers to familiar principles of causation and requires a proximate causal link between one or more of the unlawful means enumerated in § 1589(a) and the labor actually obtained.'" *Harris v. Henry*, No. 1:22-CV-00366-LY, 2022 WL 16825200, at *4 (W.D. Tex. Nov. 7, 2022) (quoting *Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1155 (9th Cir. 2022)). While Benjamin alleges that Brown engaged in threatening, abusive, and coercive conduct, including threats to shoot her if she touched his Xbox or liquor, demands for sexual contact, and repeated refusals to bring her home, none of these alleged actions are tied to her provision of labor or services. Benjamin asserts that she felt stuck in the truck with Brown, but she does not allege that his threats or conduct compelled her to continue providing labor or services. Instead, the threats related to Brown's control over the environment and her personal autonomy, not to securing labor. These actions and alleged threats may certainly violate other laws and statutes, but they are not a violation of § 1589(a).

Likewise, § 1590 requires allegations that defendant knowingly recruited, transported, or harbored the plaintiff for the purpose of forced labor. 18 U.S.C. § 1590(a); *see Adia v. Grandeur Mgmt., Inc.*, 933 F.3d 89, 93-93 (2d Cir. 2019). Brown's conduct, though, again, abusive and coercive, is not alleged to have been part of a trafficking scheme in which he moved or harbored Benjamin with the purpose of exploiting her labor. Finally, § 1592 prohibits the unlawful

confiscation, destruction, removal, or concealment of documents to further trafficking offenses. 18 U.S.C. § 1592(a).  The Second Amended Complaint contains no allegation that Brown took Benjamin's identification or legal documents to force her to work or remain with him.  As such, the Second Amended Complaint fails to state any plausible federal claim against Brown.

### (2) Defendants KLLM Transport, KLLM Driving, Hinds, Pickell, & Transport

"Section '1595(a) creates civil liability for two categories of defendants: (1) those who have themselves committed a criminal offense under § 1591 of the TVPRA (i.e., perpetrator liability), and (2) those who are not themselves subject to criminal liability but who knowingly benefitted from participation in a venture that they knew or should have known was committing an offense under § 1591 of the TVPRA (i.e., beneficiary liability).'"  *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 1:24-CV-00109-DAE, 2024 WL 4224915, at *3 (W.D. Tex. Aug. 30, 2024) (quoting *A.D., v. Wyndham Hotels & Resorts, Inc.*, No. 19-120, 2020 WL 8674205, at *2 (E.D. Va. July 22, 2020)).  To state a direct beneficiary claim under § 1595, a plaintiff must allege that defendants (1) knowingly benefitted) (2) "from participation in a venture" (3) that it "knew or should have known has engaged in" trafficking the plaintiff.  *Id.* (citing 18 U.S.C. § 1595(a)). Participation in a venture means "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)."  18 U.S.C. § 1591(e)(4).  Further, participation in a venture requires plaintiffs to "allege that the franchisors took part in a common undertaking or enterprise involving risk and potential profit."  *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021).

First, the only allegation against Transport is that it served as the insurance carrier for KLLM Transport.  The Second Amended Complaint contains no factual allegations suggesting that Transport engaged in, assisted with, or benefitted from any conduct that could give rise to a federal claim under the TVPRA or any other federal statue.

14

As for KLLM Transport, KLLM Drive, Hinds, and Pickell, the Second Amended Complaint likewise fails to state a claim under the TVPRA. Because there are no allegations that these Defendants directly committed a trafficking offense, Benjamin must rely on a theory of beneficiary liability under § 1595(a). Here, the Second Amended Complaint contains no factual allegations indicating that Brown, the alleged perpetrator, engaged in a "commercial sex act" as required under § 1591 or violated §§ 1581, 1589, 1590, 1591, or 1592. Without a predicate trafficking violation, no beneficiary claim under § 1595 can survive. Moreover, even if the allegations demonstrate sexual harassment, such conduct is not the same as sex trafficking under the TVPRA. There are no facts suggesting that KLLM Drive, KLLM Transport, Hinds, or Pickell knowingly participated in any "common undertaking" or venture with Brown involving risk and potential profit. The communications alleged between Benjamin and Pickell do not reasonably support an inference that Pickell or any other Defendant was aware or should have been aware of any trafficking conduct. Thus, the Second Amended Complaint fails on its face to allege a viable federal claim against any Defendant under the TVPRA, rendering the amendment futile.

Accordingly, **IT IS ORDERED** that Leave to File Second Amended and Re-Stated Complaint [doc. #38] filed by Plaintiff Craiven Benjamin is **DENIED.**

## II.     Motions to Dismiss for Failure to State a Claim and to Stay Pending Arbitration

KLLM Transport, KLLM Driving, and Hinds filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Motion to Stay Pending Arbitration. [doc. #21]. Brown also filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Motion to Stay Pending Arbitration. [doc. #24]. These motions were filed after the original Complaint but before the First Amendment and Re-Stated Complaint [doc. #35]. Based on Benjamin's opposition memorandum and Defendants' reply, the parties came to an agreement regarding these motions. Specifically,

"[Benjamin] does not contest the dismissal of the Title VII claims as they relate to Defendants [KLLM Transport], [KLLM Driving], [Hinds], and [Brown]."  [doc. #32, p. 1].  However, Benjamin maintains that the dismissal of the Title VII claims should be without prejudice to her ability to pursue "the myriad of additional claims plead."  *Id.* at p. 2.  Defendants argue that the dismissal should be with prejudice, and the dismissal of Benjamin's Title VII claims should be as to all Defendants, including Transport.  [doc. #37, p. 2].  All Defendants consent to the withdrawal of the request for arbitration without prejudice.  *Id.*

Confusingly, Benjamin's First Amended Complaint still states that she brings claims pursuant to Title VII of the Civil Rights Act 1964.  [doc. #35, p. 2].  Nonetheless, "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."  *Rountree v. Dyson*, 892 F.3d 681, 683 (5th Cir. 2018) (quotation and quotation marks omitted).  Rather, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading."  *Id.* at 683-84 (quotation and quotation marks omitted).  Thus, the Court will consider the pending motions to dismiss [docs. #21, 24] as being addressed to Benjamin's First Amended Complaint.

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  FED. R. CIV. P. 8(a)(2).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Because Benjamin has conceded that her Title VII claims against KLLM Transport, KLLM Driving, Hinds, and Brown should be dismissed, the undersigned recommends dismissal of Benjamin's Title VII claims against these Defendants.  However, in their reply, Defendants argue this dismissal should also include Transport, even though it did not file the motion to dismiss with the other Defendants.  Benjamin's concession and the Defendants' argument apply with equal force to Benjamin's Title VII claim against Transport.  Where, as here, a defending party establishes that a plaintiff has no cause of action, and the plaintiff agrees, this defense should inure to similarly situated defendants.  *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001) (citations omitted); *see also Baggiolini v. Ocwen Fin. Corp.*, No. 419CV00156ALMCAN, 2019 WL 8331423, at *8 (E.D. Tex. Dec. 12, 2019).  "The policy rationale for this rule is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id.* (citation omitted).  The only allegation against Transport is that it is the insurance carrier of KLLM Transport.  Thus, if the Title VII claims against KLLM Transport are dismissed, there would be no basis of recovery against Transport.

All Defendants consented that the request for a stay pending arbitration be withdrawn, mooting their request for a stay pending arbitration.

Accordingly,

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #21] and the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #24] be **GRANTED** to the extent it seeks dismissal of Benjamin's Title VII claims**.**

**IT IS FURTHER RECOMMENDED** that Benjamin's Title VII claims against KLLM Transport, KLLM Driving, Hinds, Brown, and Transport be **DISMISSED WITH[2] PREJUDICE**.[3]

**IT IS ORDERED** that the request for a stay pending arbitration is **DENIED AS MOOT.**

### III.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Brown filed a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction seeking for this Court to dismiss all of Benjamin's claims as this court lacks subject matter jurisdiction. [doc. #52].   Brown contends that since Benjamin waived her Title VII claims, leaving no federal question, and there is no diversity of citizenship among the parties, the Court does not have subject matter jurisdiction.   *Id.* at p. 1.   Benjamin argues that her motion to file her Second Amended Complaint specifically addresses and remedies the jurisdictional defect that Brown raises in his motion.   [doc. #57, p. 2].

---

[2] While a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) is ordinarily without prejudice, that is not the posture of this case. Here, in response to a Rule 12(b)(6) motion to dismiss, Benjamin conceded that she could not allege facts sufficient to state a claim under Title VII. In such circumstances, it is within the Court's discretion to determine whether dismissal should be with or without prejudice. Considering Plaintiff's express concession and the absence of any basis for amendment, the Court finds that dismissal with prejudice is warranted.

[3] It appears to the Court that Pickell has not been served as no returned summons has been filed into the record. Additionally, Pickell has not made an appearance in this matter.  According to the Fifth Circuit, Pickell "never became a party" to Benjamin's suit.  *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1472 (5th Cir. 1990).  Thus, the undersigned cannot recommend dismissal of the Title VII claims against Pickell.  It is worth noting, however, that if Pickell were a party, dismissal would be proper because there is no Title VII action against a supervisor directly. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) (Fifth Circuit finding that Title VII does not impose individual liability).  Further, the proposed Second Amended Complaint is futile as it failed to allege any plausible claim against Pickell under the TVPRA. Accordingly, even if Pickel had been added as a defendant, this Court would still not enjoy subject matter jurisdiction.

The Federal Rules of Civil Procedure sanction dismissal where the presiding court lacks subject-matter jurisdiction.[4] FED. R. CIV. P. 12(b)(1). As a Rule 12(b)(1) motion concerns the trial court's jurisdiction, the court is free to weigh relevant evidence and satisfy itself that it has the power to hear the case. *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). Consequently, jurisdiction may be found lacking based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). A Rule 12(b)(1) motion should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim entitling her to relief. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 287 (5th Cir. 2012).

No parties dispute that there is no diversity of citizenship among the parties. Accordingly, for this Court to have subject matter jurisdiction, a federal question must exist. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-13 (1936)). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that

---

[4] The federal courts have limited jurisdiction and cannot adjudicate claims absent a statutory conferral of jurisdiction. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  In other words, a district court's federal question jurisdiction extends over

> only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law . . . in that federal law is a necessary element of one of the well-pleaded . . . claims.

*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983)).

In a case of original federal question jurisdiction in which the plaintiff is invoking the jurisdiction of the federal court, the burden is on the plaintiff to establish jurisdiction in the first instance.  *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507-08 (5th Cir. 1985).  "[T]he plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction."  *Id.* at 508.  "Our conclusion that [courts] must look to the amended complaint in assessing original federal question jurisdiction is consistent with the general rule that an amended complaint ordinarily supersedes the original. . ."  *Id.*

Benjamin has expressly acknowledged that, "after careful consideration of the applicable law and the facts of the case," her Title VII claims should be dismissed.  The Court has found that a second amendment is futile and would fail to serve to confer federal question jurisdiction.  Given the absence of a viable federal claim, the Court lacks subject matter jurisdiction over this action.  Thus, dismissal is appropriate under 12(b)(1).

Accordingly, **IT IS RECOMMENDED** that the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #52] be **GRANTED** to the extent Brown seeks for this Court to dismiss this suit for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Benjamin's remaining state law claims be **DISMISSED WITHOUT PREJUDICE**.[5]

### IV.    Costs and Attorney's Fees

KLLM Transport, KLLM Driving, and Hinds request "all costs and attorney's fees incurred in defending this litigation assessed against plaintiff." [doc. #21, p. 2]. Additionally, Brown requests that this Court grant "judgment herein in his favor after due and deliberate proceedings had, with all costs and attorney's fees incurred in defending this litigation [assessed] against Plaintiff." [doc. #24, p. 2]; [doc. #52, p. 2]. In Benjamin's oppositions to the motions filed by KLLM Transport, KLLM Driving, Hinds, and Brown, she does not make any arguments regarding the costs and attorney's fees. [doc. #32, 57].

*(1) Costs*

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed." FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Fifth Circuit has held that the prevailing party is prima facie entitled to costs. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (quotation and internal quotation marks omitted). A court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131 (quoted source and quotation marks omitted). 28 U.S.C. § 1919 states that "[w]henever any action or suit is dismissed

---

[5] When, as recommended here, all claims which confer federal subject matter jurisdiction are dismissed, the court may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919.

The Court finds that, as the prevailing parties in part due to the dismissal of the Title VII claims and pursuant to 28 U.S.C. § 1919 after the finding that this Court lacks subject matter jurisdiction, KLLM Transport, KLLM Driving, Hinds, and Brown are entitled to an award of costs. However, the Court limits the costs to those permitted under Rule 54(d)(1) and 28 U.S.C. § 1920.[6] KLLM Transport, KLLM Driving, Hinds, and Brown must file a bill of costs pertaining to the litigation of this matter within fifteen days of the judgment being filed.

Accordingly,

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #21] and the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #24] be **GRANTED** to the extent they seek costs pertaining to the litigation of this matter**.**

**IT IS FURTHER RECOMMENDED** that the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #52] be **GRANTED** to the extent Brown seeks costs pertaining to the litigation of this matter.

---

[6] "A judge . . . may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

*(2) Attorneys' Fees*

"Attorneys' fees may be appropriate under an independent statutory authority for an award." *W. Falcon, Inc. v. Moore Rod & Pipe, LLC*, No. CIV.A. H-13-2963, 2015 WL 3823629, at *5 (S.D. Tex. June 18, 2015) (citation omitted). Congress has authorized the award of attorney's fees to the "prevailing party" in numerous statues, such as the one present in this case, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(k). *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 413-14 (1978). While a prevailing Title VII plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances, the Supreme Court has set out a much more rigorous standard for awarding attorney's fees to prevailing defendants. *Id.* at 422-23. "A prevailing defendant may recover its attorney's fees only where it establishes that the plaintiff's actions were frivolous, unreasonable, or without foundation, even though the action was not brought in subjective bad faith." *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 577-78 (S.D. Tex. 2005) (citation omitted).

First, the Court notes that KLLM Transport, KLLM Driving, Hinds, and Brown have not cited any authority establishing that they are entitled to attorney's fees. Instead, they merely requested that this Court grant judgment in their favor with all costs and attorney's fees incurred in defending this litigation assessed against Benjamin. Further, they have failed to demonstrate to this Court that Benjamin's claims were frivolous, unreasonable, or groundless. The mere fact that the Court ruled in favor of them does not, by itself, establish that Benjamin's claims lacked merit. A claim is not considered frivolous simply because it was unsuccessful; rather, it must be so lacking in arguable merit as to be entirely baseless. Here, KLLM Transport, KLLM Driving, Hinds, and Brown have not provided any argument or evidence showing that Benjamin's claims met this high standard. Without such a showing, there is no basis for awarding attorney's fees.

Accordingly,

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #21] and the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #24] be **DENIED** to the extent they seek attorney's fees pertaining to the litigation of this motion**.**

**IT IS FURTHER RECOMMENDED** that the Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #52] be **DENIED** to the extent Brown seeks attorney's fees pertaining to the litigation of this motion.

<u>**Conclusion**</u>

For the above-stated reasons,

**IT IS ORDERED** that the Motion for Leave to File Second Amended and Re-Stated Complaint [doc. #38] filed by Plaintiff Craiven Benjamin is **DENIED**. [7]

**IT IS FURTHER ORDERED** that the Motion to Stay Pending Arbitration [doc. #21] filed by Defendants KLLM Transport Services, LLC, KLLM Driving Academy, Inc., and Hinds Community College and the Motion to Stay Pending Arbitration [doc. #24] filed by Defendant Dentavious L. Brown are **DENIED AS MOOT.**

---

[7] Although the undersigned has ruled on Benjamin's Motion for Leave to File Second Amended and Re-Stated Complaint and Defendants KLLM Driving, KLLM Transport, Hinds, and Brown's Motions to Stay Pending Arbitration within a Report and Recommendation and Memorandum Order, these motions are not excepted in 28 U.S.C. § 636(b)(1)(A) and not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure. Therefore, these orders issue of the date of this Report and Recommendation and Memorandum Order. Any objection/appeal must be made to the district judge in accordance with Rule 72(a) of the Federal Rules of Civil Procedure within fourteen (14) days of this date.

**IT IS RECOMMENDED** that the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #21] filed by Defendants KLLM Transport Services, LLC, KLLM Driving Academy, Inc., and Hinds Community College and the Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim [doc. #24] filed by Defendant Dentavious L. Brown be **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER RECOMMENDED** that Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #52] filed by Defendant Dentavious L. Brown be **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER RECOMMENDED** that Plaintiff Craiven L. Benjamin's Title VII claims be **DISMISSED WITH PREJUDICE** as to all Defendants.

**IT IS FURTHER RECOMMENDED** that Plaintiff Craiven L. Benjamin's remaining state law claims be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 30th day of July, 2025.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE